Spencer v. State Prison                    CV-03-322-SM  06/24/04
                    UNITED STATES DISTRICT COURT

                      DISTRICT OF NEW HAMPSHIRE


Geraldine Spencer,
        Petitioner

        v.                                  Civil No. 03-322-SM
                                            Opinion No. 2004 DNH 096
Richard Gerry, Warden,
New Hampshire State Prison
for Women,
        Respondent


                          **O R D E R**


        Geraldine Spencer, a state prisoner, was tried and convicted

in the New Hampshire Superior Court of one count of forgery and

one count of theft by unauthorized taking.  Her conviction was

affirmed on appeal.  See State v. Spencer, 149 N.H. 622 (2003).

She now petitions for a writ of habeas corpus pursuant to 28

U.S.C. § 2254, on grounds that the New Hampshire Supreme Court

incorrectly decided two Miranda issues.  Before the court is

respondent's motion for summary judgment to which petitioner

offers a token objection.  For the reasons given below,

respondent's motion for summary judgment is granted.

Spencer was arrested at her home in Laconia.  After being told that she was under arrest for forgery, and while being escorted to a police cruiser, Spencer physically pulled away from the escorting officers, loudly protesting that she did not know anything about any forgery, that she did not know why she was being arrested, and that the officers were arresting the wrong person.  She also stated that she had children, and that she did not want them to be left alone.  Once in the cruiser, Spencer was shown photographs of her attempting to cash a forged check, taken by a surveillance camera in a bank.  After seeing the pictures, Spenser calmed down.  Thereafter, she was told that if she was cooperative, the police would recommend personal recognizance bail so that she could get back to her children.  After being booked at the police station, Spencer was read her Miranda rights, executed a waiver, and gave both oral and written confessions.

Before trial, Spencer moved to suppress her pre-Miranda silence and her post-Miranda confessions, arguing that: (1) being shown the bank surveillance photographs was tantamount to interrogation, and that because she had not been read her Miranda

rights prior to being shown the photographs, everything she said afterward (including her silence) should be suppressed; and (2) her <u>Miranda</u> waiver and her post-<u>Miranda</u> confession were coerced because she gave them in response to a threat not to release her unless she gave a statement, which meant her children would be left with no one to care for them.[1]  The trial court denied Spencer's motion to suppress and the New Hampshire Supreme Court affirmed, albeit in a split decision on the photograph issue.

Regarding the photographs, the state supreme court, relying upon <u>Rhode Island v. Innis</u>, 446 U.S. 291 (1980), ruled that showing Spencer the bank photographs was not the functional equivalent of interrogation, because the officers did so in response to Spencer's own repeated demands to know the basis for her arrest.  <u>Spencer</u>, 149 N.H. at 625.  The state court further stated that it could not "say that [the officers] should have known that showing the defendant the photographs was reasonably likely to elicit an incriminating response."  <u>Id.</u> at 626.  The

---

[1] On appeal, Spencer argued that the officer's statement to her was a promise to recommend bail if she gave a statement rather than a threat not to recommend bail if she did not give a statement.  <u>Spencer</u>, 149 N.H. at 627.  The state supreme court treated those two arguments as interchangeable.  <u>Id.</u>

3

state court's decision was neither contrary to, nor did it involve an unreasonable application of, "clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1).[2]

In his dissent, Justice Duggan did not argue that the majority "arrive[d] at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or . . . decide[d] [the] case differently than the [U.S. Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). It is apparent that the New Hampshire Supreme Court's decision was not contrary to clearly established Federal law. Moreover, the decision does not constitute an unreasonable application of Innis; showing the photographs to Spencer was not the functional equivalent of interrogation. To the contrary, the police conduct in Innis – mentioning the possibility that the suspect's discarded gun could be found and used by a child – was much more likely to elicit an incriminating response than the officers' conduct here, which was

---

[2] In her objection to respondent's motion for summary judgment, plaintiff simply rests on her initial complaint. Accordingly, it would appear that petitioner is limiting her claim to 28 U.S.C. § 2254(d)(1).

4

non-verbal and which did not imply any unstated question. Because the state supreme court's decision was neither contrary to, nor an unreasonable application of, clearly established federal law, petitioner is not entitled to habeas corpus relief based upon the alleged Miranda violation arising from having been shown the bank photographs.

Petitioner also argues that her Miranda waiver was coerced, because it was given in exchange for an officer's promise to assist her in obtaining personal recognizance bail. The New Hampshire Supreme Court affirmed the trial court's determination that the promise to seek bail came in response to defendant's having calmed down, and further noted that "the comment was made while neither officer was attempting to obtain a statement from the defendant." Spencer, 149 N.H. at 628. The dissenters in Spencer agreed that "on the facts presented, the police officer's comment regarding bail did not render the defendant's Miranda waiver or confession involuntary." Id. at 631. As petitioner has identified no United States Supreme Court decision that runs counter to the state supreme court's decision, and has not established that the state supreme court unreasonably applied

federal law in reaching its decision, petitioner is not entitled to habeas corpus relief based upon the alleged <u>Miranda</u> violation arising from the officer's comment about bail.

For the reasons given, respondent's motion for summary judgment (document no. 36) is granted, and Spencer's petition for a writ of habeas corpus is denied. The clerk of the court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

June 24, 2004

cc:  Geraldine Spencer, pro se
     Susan P. McGinnis, Esq.

6